Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| MUNICIPIO DE ISABELA<br><br>Parte Peticionaria<br><br>v.<br><br>Adquisición de PROPIEDAD UBICADA EN LA COMUNIDAD CORCHADO 46 CALLE TRINITARIA, ISABELA, PR 00662 CATASTRO NÚM.: 003-098-086-44<br><br>JOSÉ GONZÁLEZ RAMOS, CRIMILDA CRUZ, LA SLG COMPUESTA POR AMBOS Y "DUEÑOS DESCONOCIDOS"<br><br>Parte Recurrida | TA2026CE00597 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: AG2025CV01821<br><br>Caso Administrativo: IS-77<br><br>Sobre: Expropiación Sumaria (IN REM)<br><br>Art. 4.012A Ley 107-2020 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 10 de junio de 2026.

Comparece ante *nos* el Municipio de Isabela (Municipio o peticionario) y nos solicita que revisemos una *Orden* emitida el 13 de abril de 2026 y notificada el 14 de abril de 2026, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Aguadilla. Mediante dicho dictamen, el foro primario señaló una vista presencial y declaró *No Ha Lugar* la *Moción Solicitando Anotación de Rebeldía y Que Se Dicte Sentencia Por Las Alegaciones.*

Por los fundamentos que expondremos a continuación, se *expide* el auto de *certiorari* y se revoca el dictamen recurrido.

**I.**

Surge del expediente ante nuestra consideración que, el 6 de octubre de 2025, el Municipio incoo una *Demanda* sobre expropiación forzosa mediante el procedimiento sumario en contra de José González Ramos, Crimilda Cruz y la Sociedad Legal de Bienes Gananciales compuesta por ambos (recurridos). Alegó el Municipio que, le interesa adquirir una propiedad ubicada en la 46 Urb. Manuel Corchado Juarbe en Isabela perteneciente a los recurridos. Sostuvo que la propiedad constituye y fue declarada un estorbo público. Así pues, señaló que la propiedad se interesa adquirir por medio de expropiación forzosa, tras haber sido declarada estorbo público desde el 8 de agosto de 2022 y que se propone adquirir la misma mediante un titulo de dominio absoluto.

El 7 de octubre de 2025, fueron expedidos los emplazamientos. Posteriormente, el 4 de noviembre de 2025, la parte peticionaria presentó una *Moción Solicitando Expedición de Emplazamiento Por Edicto*. Allí, detalló las diligencias realizadas para emplazar a los recurridos, las cuales resultaron infructuosas toda vez que los recurridos fallecieron y se desconoce el paradero de sus herederos. El 10 de noviembre de 2025, el TPI emitió una *Orden Emplazamiento Por Edicto*.

Subsiguientemente, el 14 de enero de 2026, el Municipio presentó una *Moción Solicitando Anotación de Rebeldía, Que Se Ordene La Investidura de Titulado Sobre La Propiedad, Que Se Dicte Sentencia [...]*. El 16 de enero de 2026, se llevó a cabo una Vista. Así las cosas, el 3 de febrero de 2026, la parte peticionaria presentó una *Moción Solicitando Expedición de Nuevo Emplazamiento Por Edicto*. El 4 de febrero de 2026, el TPI ordenó expedir los nuevos emplazamientos por edicto.

Consecuentemente, el 10 de abril de 2026, el Municipio presentó una *Moción Solicitando Anotación de Rebeldía y Que Se*

*Dicte Sentencia Por Las Alegaciones.* Expresó que, la parte recurrida fue debidamente emplazada mediante la publicación de edictos en el periódico el 23 de febrero, 2 y 9 de marzo de 2026. Además, esgrimió que el diligenciamiento se acreditó mediante una moción presentada el 23 de marzo de 2026.

Así, planteó que el Artículo 4.012A(b) del Código Municipal de Puerto Rico, *infra*, establece que una vez la parte demandada es emplazada, tendrá un término de treinta (30) días, si fue emplazado por edictos, para contestar la demanda y establecer sus defensas y de no contestar, el tribunal le anotará la rebeldía y dictará sentencia en un término no mayor de cinco (5) días. Destacó que, habiendo transcurrido en exceso el término provisto por el Artículo 4.012A(b) del Código Municipal de Puerto Rico, procedía anotarle la rebeldía a los recurridos y dictar sentencia por las alegaciones, sin necesidad de celebrar una vista.

El 13 de abril de 2026, el foro primario emitió una *Orden,* notificada el 14 de abril de 2026, mediante la cual anotó la rebeldía a los recurridos y señaló vista presencial para el 20 de mayo de 2026. Ante ello, el 15 de abril de 2026, la parte peticionaria presentó una *Moción de Reconsideración de Orden de Calendarización de Juicio en su Fondo.* El 20 de abril de 2026, notificada el 21 de abril de 2026, emitió una *Orden* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración.

Inconforme, el 11 de mayo de 2026, el Municipio compareció ante *nos* mediante un recuro de *Certiorari* y alegó la comisión del siguiente error:

> Primer Error: Erró el Tribunal de Primera Instancia al señalar juicio en su fondo para el 20 de mayo de 2026, a pesar de que no compareció parte con interés dentro del término improrrogable de treinta (30) días luego del emplazamiento por edicto, situación en la cual el Artículo 4.012A(b) ordena dictar sentencia y el Artículo 4.012A(c) solo autoriza señalar juicio cuando los demandados comparecen o contestan la demanda, lo cual no ocurrió en este caso.

Junto a su recurso, la parte peticionaria presentó una *Moción en Auxilio de Jurisdicción.* El 12 de mayo de 2026, emitimos una *Resolución* mediante la cual ordenamos la paralización de los procedimientos y concedimos un término de diez (10) días a la parte recurrida para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. La parte recurrida no compareció; por lo cual, pasamos a resolver.

**II.**

**A.** *Certiorari*

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *800 Ponce de León v. AIG,* 205 DPR 163 (2020); *Pueblo v. Díaz de León,* 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari.* Véase, *Scotiabank v. ZAF Corp.,* 202 DPR 478 (2019). En

lo pertinente, la precitada disposición reglamentaria, *supra*, dispone

que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante

la consideración del Tribunal, procede abstenerse de expedir el auto,

de manera que se continúen los procedimientos del caso, sin mayor

dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*,

165 DPR 311 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151

DPR 649 (2000); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata

nuestra facultad discrecional de entender o no en los méritos de los

asuntos que son planteados mediante el recurso, la Regla 40 de

nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025

TSPR 42, pág. 63, 215 DPR __ (2025), señala los criterios que

debemos considerar al atender una solicitud de expedición de un

auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En

lo pertinente, la precitada disposición reglamentaria dispone lo

siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago,* 176 DPR 559 (2009); *García v. Padró,* 165 DPR 324 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago,* 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra; S.L.G. Flores, Jiménez v. Colberg,* 173 DPR 843 (2008).

## B. Rebeldía

La anotación de rebeldía es un mecanismo procesal que procura "disuadir a aquellos que recurran a la dilación de los procedimientos como una estrategia de litigación". *González Pagán v. Moret Guevara,* 202 DPR 1062 (2019); *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580 (2011). A esos fines, la Regla 45.1 de Procedimiento Civil (32 LPRA Ap. V), delimita los escenarios que permiten imponer la anotación de rebeldía:

Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.

En tales instancias, **el tribunal puede ordenar la anotación cuando la parte demandada: (1) no comparece después de haber sido emplazado, (2) no se defiende mediante moción (3) ni presenta oportunamente la contestación a la demanda**. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.*, 212 DPR 807 (2023); *Rivera Figueroa v. Joe's European Shop, supra*, pág. 589. (Énfasis suplido). Asimismo, la imposición de rebeldía ocurre cuando "una de las partes en el pleito ha incumplido con algún mandato del tribunal, lo que motiva a éste a imponerle la rebeldía como sanción". *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93 (2002).

Anotada la rebeldía, se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado en contra del rebelde, y se autoriza al tribunal a dictar sentencia, si esta procede como cuestión de derecho. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc., supra*; *Rivera Figueroa v. Joe's European Shop, supra*, pág. 590. Este proceder brinda un remedio coercitivo contra una parte adversaria a la cual, habiéndosele concedido la oportunidad de refutar la reclamación, por su pasividad o temeridad opta por no defenderse. *Ocasio v. Kelly Servs.*, 163 DPR 653 (2005).

Ahora bien, los tribunales no son meros autómatas obligados a conceder indemnizaciones por estar dilucidándose un caso en rebeldía. *Álamo v. Supermercado Grande, Inc., supra*, pág. 102. La anotación de rebeldía se debe dar dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción. *Rivera Figueroa v. Joe's European Shop, supra*, pág. 590. Pese a que la rebeldía constituye un mecanismo procesal

discrecional, ésta no se sostendrá ante el ejercicio burdo o injusto.
*Íd.*

### C. Procedimiento de Expropiación Sumario

El Artículo 4.012 de la Ley Núm. 107 de 13 de agosto de 2020, según enmendada (21 LPRA sec. 7636), conocida como Código Municipal de Puerto Rico, establece, entre otras cosas, que:

> [l]as propiedades incluidas en el Inventario de Propiedades Declaradas como Estorbo Publico podrán ser objeto de expropiación por el municipio, para su posterior transferencia a toda persona que esté en disposición de adquirirla para su reconstrucción y restauración o para hacer una nueva edificación. Para ello, el municipio tendrá que adquirir la propiedad, ya sea por compraventa o sujetándose al procedimiento de expropiación forzosa, mediante el cual viene obligado a pagar al titular el justo valor de la propiedad en los casos que así aplique.

Así pues, el Artículo 4.012A del Código Municipal de Puerto Rico establece el procedimiento de expropiación sumario. A esos efectos, el mencionado artículo dispone que:

> [s]e establece un procedimiento sumario de expropiación en los casos que el municipio pretenda expropiar inmuebles declarados como estorbo público, a tales efectos:
> (a) La demanda de expropiación se presentará por el municipio, conforme a la Regla 58 de las de Procedimiento Civil de 2009, según enmendadas; la qué será supletoria en cuanto no sea contrario con lo aquí dispuesto. En los casos en que una propiedad no esté inscrita en el Registro de la Propiedad o en el CRIM, y no pueda identificarse un poseedor o persona con interés, el municipio certificará este hecho y demandará a "persona desconocida" conforme a la Regla 4.6 (c) de las de Procedimiento Civil de 2009.
> **(b) Una vez emplazados los demandados, tendrán un término de veinte (20) días para contestar la demanda y establecer sus defensas y treinta (30) días si fue emplazado mediante edictos. Este término será improrrogable y de no contestar en el término señalado el Tribunal le anotará la rebeldía y dictará sentencia en un término no mayor de cinco (5) días.**
> **(c) Del o los demandados comparecer o contestar la demanda, el Tribunal citará para juicio, el que será celebrado en un término no menor de quince (15) días ni mayor de treinta (30) días de haberse contestado la demanda.**
> (d) Una vez celebrado el juicio el Tribunal dictará sentencia en un término no mayor de cinco (5) días.
> (e) El término para presentar recurso de apelación al Tribunal de Apelaciones será de quince (15) días.
> (f) El municipio no vendrá obligado a consignar dinero alguno sobre la expropiación al radicar la demanda. Dicha obligación comenzará al momento en que el o los demandados comparezcan al tribunal mediante las alegaciones responsivas contenidas en su contestación a la demanda. En caso de que el demandado comparezca al procedimiento, el municipio sólo podrá descontar de la justa compensación que debe consignar, la cantidad adeudada de contribuciones sobre la propiedad y la cantidad adeudada por concepto de multas y los gastos de limpieza y de mantenimiento de la propiedad, en que el municipio haya incurrido, según lo dispuesto en el Artículo 4.010 de este Código.
> (g) Una vez el tribunal emita una sentencia estableciendo en ella la justa compensación, cualquier persona que tenga derecho a esta, tendrá tres (3) años para reclamarla. Transcurrido dicho término

el derecho a reclamar la cuantía determinada por el tribunal estará prescrito.

El municipio, mediante ordenanza municipal aprobada por la Legislatura Municipal y firmada por el Alcalde, adoptará aquellos requisitos y normas para la transferencia o venta de las propiedades adquiridas por compra o mediante el procedimiento sumario de expropiación aquí establecido. Cuando se trate de propiedades que puedan ser rehabilitadas como residencias, el municipio deberá considerar como primera opción, cuando existan ciudadanos interesados, a personas cuya oportunidad de adquirir una propiedad estén limitadas en los procesos del mercado tradicional. No se utilizará el mecanismo sumario de expropiación aquí establecido, para beneficiar a terceros adquirientes, incluyendo aquellos que sean reconocidos como inversionistas del mercado inmobiliario. Se considerará un tercero adquiriente quien no ostenta el derecho legítimo de propiedad, como sería un heredero o dueño registral. A modo de excepción, durante el primer año del municipio haber declarado la propiedad estorbo público, las personas cuyas oportunidades de adquirir una propiedad estén limitadas en los procesos del mercado tradicional, no se considerarán terceros adquirientes. Para ello, se concederá el término de un (1) año al ciudadano interesado, para que pueda asegurar los fondos, ayudas o cualquier otro método disponible para satisfacer la justa compensación y gastos asociados al proceso de expropiación forzosa. Se podrá conceder un término adicional de seis (6) meses. Transcurrido la totalidad del término, sin que se haya concretado dicha compra, municipio podrá vender la misma a terceros adquirientes, incluyendo inversionistas del mercado inmobiliario. De igual modo, de haber transcurrido un (1) año desde que la propiedad fue declarada estorbo público e incluida en el inventario de propiedades declaradas como tal, sin que persona alguna haya demostrado interés en adquirir la misma, el municipio podrá disponer de esta, conforme a las disposiciones de este Artículo. (Énfasis nuestro).

## III.

En el presente recurso, la parte peticionaria aduce que erró el TPI al señalar el juicio en su fondo para el 20 de mayo de 2026, a pesar de que no compareció parte con interés dentro del término improrrogable de treinta (30) días luego del emplazamiento por edicto, a pesar de que el Artículo 4.012A(b) del Código Municipal de Puerto Rico, *supra,* ordena dictar sentencia y el Artículo 4.012A(c) del Código Municipal de Puerto Rico, *supra,* solo autoriza señalar juicio cuando los demandados comparecen o contestan la demanda, lo cual no ocurrió en este caso.

Surge del expediente ante *nos* que, la parte recurrida fue emplazada mediante edictos. Dicho edicto se publicó en el periódico el 23 de febrero, 2 y 9 de marzo de 2026 y así se acreditó al foro primario. Consecuentemente, el TPI calendarizó el juicio en su fondo.

Sin embargo, de conformidad con los hechos aquí reseñados y ante la situación de que los recurridos fueron emplazados mediante edictos y que la propiedad ya había sido declarada estorbo público, procedía que foro primario aplicara Artículo 4.012A(b) del Código Municipal de Puerto Rico, *supra*, y, en consecuencia, le anotara la rebeldía y dictara sentencia en un término no mayor de cinco (5) días. Esto, por ser el procedimiento de expropiación uno sumario.

Así pues, procede expedir el auto de *certiorari* y revocar el dictamen recurrido, pues cometió un error de derecho el TPI al señalar el juicio en su fondo y hacer caso omiso al procedimiento sumario establecido en el Artículo 4.012A(b) del Código Municipal de Puerto Rico, *supra*.

**IV.**

Por los fundamentos antes expuestos, *expedimos* el auto de *certiorari* y revocamos la *Orden* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones